```
                  UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF MISSISSIPPI
                         JACKSON DIVISION
```

MONROE'S DONUTS & BAKERY                                PLAINTIFFS

VS.                                CIVIL ACTION NO. 3:10CV664TSL-MTP

SWEET SENSATIONS BAKERY, LLC,                           DEFENDANTS
SWEET SENSATIONS BAKERY, INC.,
JACQUELINE COLEMAN, PHILLIP
COLEMAN AND THE DONUT SHOP CAFÉ, INC.

<u>MEMORANDUM OPINION AND ORDER</u>

    This cause is before the court on the separate motions of defendants Jacqueline Coleman and Phillip Coleman to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs Monroe's Donuts & Bakery and Monroe Jackson have responded in opposition to the motion, and the court, having considered the parties' memoranda and the complaint, together with attachments, concludes that the motions must be denied.

    On November 10, 2010, plaintiffs filed their initial complaint against defendants Sweet Sensations, LLC and The Donut Shop Café, Inc., asserting that these two businesses were infringing on plaintiffs' registered trademark in violation of the Lanham Act, 15 U.S.C. §§ 22, 42 and 43. On April 14, 2011, the court struck this complaint on the basis that it was not signed by plaintiffs' counsel. The court's order of that date further

pointed out that while plaintiffs had apparently intended to sue the now-dissolved Sweet Sensations Bakery, LLC and its successor, Sweet Sensations Bakery, Inc., they had in fact filed suit against an unrelated entity.  Finally, the order granted plaintiffs leave to file an amended complaint.

On May 2, 2011, plaintiffs filed their first amended complaint, naming as defendants Sweet Sensations Bakery, LLC, Sweet Sensations Bakery, Inc., Jacqueline Coleman, Phillip Coleman and The Donut Shop Café, Inc.  In addition to their claims that the Lanham Act had been violated, by the amended complaint, plaintiffs assert putative claims of common law trademark infringement, state trademark infringement and unfair competition in violation of Mississippi Code Annotated §§ 75-25-21 and 75-25-25, as well as intentional and negligent infliction of emotional distress.

While Sweet Sensations Bakery, Inc. answered the complaint, defendants Jacqueline and Phillip Coleman filed motions to dismiss.  Phillip Coleman maintains that the complaint against him must be dismissed because it does not detail any facts or allegations against him personally and because he cannot be held personally liable for the actions of his employer, Sweet Sensation, Inc.  Jacqueline Coleman seeks dismissal on the bases that under Mississippi law, as a corporate officer, she cannot be held liable for the actions of the corporation, and that the

complaint fails to set forth any allegations against her personally. Both defendants further seek sanctions against plaintiffs and their counsel for frivolously joining them as defendants.

In response to the motions, plaintiffs, while seemingly conceding that Phillip Coleman cannot be individually liable as a mere employee of Sweet Sensations Bakery, Inc., take the position that Phillip Coleman is subject to liability as an "owner" of the now dissolved Sweet Sensations Bakery, LLC, and contending that the complaint sufficiently pleads that prior to the LLC's dissolution, the Colemans, personally, had notice of their infringing activity, but failed to cease and desist.

With regard to the moving defendants, in a section of the complaint labeled "The Parties," plaintiffs aver that "[o]n information and belief, Defendant Jacqueline Coleman was and/or is the owner and/or manager of Defendant SSBL and SSBI during the time or times of the actions complained of herein." A separate paragraph makes the same allegations against Phillip Coleman. In a section of the complaint denominated as "Background Facts: B. Defendants' SSBL and/or SSBI Infringing Use and Interference," plaintiffs charge as follows:

> That in or about the spring of 2010, SSBL and/or SSBI began doing business in Jackson, Mississippi engaging in the sale of donuts and baked goods. At about this time, these Defendants erected a confusingly similar sign to that of Plaintiffs. The sign consisted

3

>   of a donut made into the shape of a woman, bearing high
>   heel shoes, lip stick, and other feminine features.
>   (See Logo of Sweet Sensations, attached hereto as
>   Exhibit "C").  Defendants have utilized this mark in
>   conjunction with the sale of such baked goods,
>   suggestively donuts [sic] to consumers in this judicial
>   district.
>
>   That on or about June 14, 2010, Plaintiffs sent a
>   cease and desist letter to these defendants in which it
>   was demanded that they cease and desist from all further
>   use of Monroe's trademark, and that it remove its' [sic]
>   display of the symbol.  They responded by claiming that
>   they had not participated in any infringement and/or had
>   not committed any acts of wrongdoing with respect to the
>   claims set forth therein.  (See Copy of Response Letter,
>   attached hereto as Exhibit "E").

Notably, the Cease and Desist letter attached as an exhibit to the complaint, was directed to Mr. and Mrs. Coleman while the bakery was apparently still operating as an LLC.  Plaintiffs' various causes of action do not purport to specify or detail the actions of any particular defendant, but rather collectively refer to "defendants."

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief.  <u>See</u> Wright & Miller, <u>Federal Practice and Procedure: Civil 3d</u> § 1356 (2004).  With the limited exception of those cases described in Rule 9, a complaint need only satisfy the "simplified pleading standard" of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  <u>See Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 508, 122 S. Ct.

992, 152 L. Ed. 2d 1 (2002).  However, as the Supreme Court has recently made clear, while Rule 8 is not exacting, it does "require[] a 'showing,' rather than a blanket assertion, of entitlement to relief," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 n.3, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), so that to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain enough factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 561-62, 127 S. Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 559, 127 S. Ct. 1955.  Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted).

Although the complaint here is not a model of clarity and the matter is altogether confused by plaintiffs' subject heading

5

"Defendants' SSBL and/or SSBI Infringing Use and Interference" and by their subsequent use of the term "defendants" without clarification that the factual allegations of this section reached not only the business entities listed in the heading, but also defendants Phillip and Jacqueline Coleman, the court agrees that plaintiffs have stated a claim against both defendants. As plaintiffs point out, defendant Phillip Coleman, a mere employee of Sweet Sensation Bakery, Inc. has not disclaimed potential liability as an officer or director of the dissolved LLC. Further, as to Jacqueline Coleman's argument that she is shielded from liability by the corporate form, while it is true under Mississippi law that "individual liability of corporate officers may not be predicated merely on their connection to the corporation," the law recognizes that where "a corporate officer directly participates in or authorizes the commission of a tort, even on behalf of the corporation, he may be held personally liable." Turner v. Wilson, 620 So. 2d 545, 548 (Miss. 1993). Viewing the allegations of the complaint, illuminated by the exhibits attached to the complaint, plaintiffs have stated a claim that the Colemans directly participated in the alleged misconduct set out in the complaint, and the complaint may not be dismissed pursuant to Rule 12(b)(6).

Based on the foregoing, it is ordered that defendants' motions to dismiss for failure to state a claim upon which relief may be granted are denied.

SO ORDERED this 5th day of August, 2011.

/s/Tom S. Lee
UNITED STATES DISTRICT COURT JUDGE