```
               UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION


MONROE'S DONUTS & BAKERY                               PLAINTIFFS
AND MONROE JACKSON, INDIVIDUALLY

VS.                             CIVIL ACTION NO. 3:10CV664TSL-MTP

SWEET SENSATIONS BAKERY, LLC,                          DEFENDANTS
SWEET SENSATIONS BAKERY, INC.,
JACQUELINE COLEMAN, PHILLIP
COLEMAN AND THE DONUT SHOP CAFÉ, INC.
```

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of plaintiffs/counterdefendants Monroe's Donuts & Bakery and Monroe Jackson to dismiss counterclaim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant Sweet Sensations Bakery, Inc. (Sweet Sensations) has responded in opposition to the motion, and the court, having considered the parties' submissions, concludes that the motion should be granted in part and denied in part.

Based on counsel's failure to sign the initial complaint by which plaintiffs purported to assert claims for federal trademark infringement, the court struck the complaint but granted plaintiffs leave to file an amended complaint. Thereafter, on May 2, 2011, plaintiffs filed their first amended complaint, naming as defendants Sweet Sensations Bakery, LLC, Sweet Sensations Bakery, Inc., Jacqueline Coleman, Phillip Coleman and The Donut Shop Café,

Inc. Sweet Sensations Bakery, Inc. answered the complaint,[1] and asserted counterclaims against plaintiffs for malicious prosecution, abuse of process and tortious interference with business relations, all based on plaintiffs' allegedly having filed suit in this case as a means to harass it.

By their motion, plaintiffs seek dismissal of all three claims, arguing that Sweet Sensations has failed to plead sufficient facts in support of any of these claims and, arguing with particular respect to the malicious prosecution claim that it must be dismissed since Sweet Sensations has not pled and cannot show a prior favorable termination on the merits. In response to the motion, Sweet Sensations maintains that its claims are sufficiently pled and that the malicious prosecution claim is proper in light of the court's having struck plaintiffs' initial complaint. It further urges the court to view the sufficiency of its counterclaims in light of plaintiffs' history of pursuing frivolous litigation against competitors, and notes specifically a prior case filed by plaintiffs in this court against Krispy Kreme Donuts, which plaintiffs ultimately voluntarily dismissed. In rebuttal, plaintiffs maintain that the claims in this case are not

---

[1] In lieu of answering the complaint, defendants Jacqueline Coleman and Phillip Coleman filed separate motions to dismiss pursuant to Rule 12(b)(6). The court denied these motions on August 5, 2011. See Rule 12(a)(4)(A) (setting forth time in which responsive pleading must be filed if court denies motion under Rule 12).

frivolous and notes that there has never been an adjudication that his claims against Krispy Kreme were frivolous.  Based on the following, the motion will be granted as to the malicious prosecution claim and denied as to the abuse of process and tortious interference with business relations claims.

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief. See Wright & Miller, Federal Practice and Procedure: Civil 3d § 1356 (2004).  With the limited exception of those cases described in Rule 9, a complaint need only satisfy the "simplified pleading standard" of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002).  However, as the Supreme Court has recently made clear, while Rule 8 is not exacting, it does "require[] a 'showing,' rather than a blanket assertion, of entitlement to relief," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 n.3, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), so that to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain enough factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 561-62, 127 S. Ct. 1955).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 559, 127 S. Ct. 1955.  Generally, a court ruling on a Rule 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted).

    Here, it is clear that Sweet Sensations' claim for malicious prosecution fails.  Where the court merely struck plaintiffs' initial complaint and granted leave to amend (which was, obviously, accomplished), the case against Sweet Sensations has not terminated, much less terminated in its favor.  See McClinton v. Delta Pride Catfish, Inc., 792 So. 2d 968, 973 (Miss. 2001) (setting forth, inter alia, elements of claim for malicious prosecution, including the "termination of such proceedings in the plaintiff's failure").  However, in the court's opinion, Sweet Sensations has sufficiently pled–albeit with a bare minimum of factual elucidation--claims for both abuse of process and for intentional interference with business relations.  See ACI Chemicals, Inc. v. Metaplex, Inc., 615 So. 2d 1192, 1200 (Miss.

1993) ("Abuse of process is defined in Mississippi jurisprudence as the intentional use of legal process for an improper purpose incompatible with the lawful function of the process by one with an ulterior motive in doing so, and with resulting damages.")(internal citations and quotations omitted); <u>Richard v. Supervalu, Inc.</u>, 974 So. 2d 944, 950 (Miss. App. 2008) ("The elements of a claim of tortious interference with business relations are as follows: (1) the acts were intentional and willful, (2) the acts were calculated to cause damage to the plaintiffs in their lawful business, (3) the acts were done with the unlawful purpose of causing damage and loss without right or justifiable cause on the part of the defendant, and (4) actual loss and damage resulted."). In so ruling, the court makes no determination as to whether plaintiffs' claims against Sweet Sensations are legally frivolous or whether they were brought with malice or an unlawful purpose. Rather, the court is simply recognizing that plaintiffs have sufficiently pled these claims.

Based on the foregoing, it is ordered that plaintiffs/ counterdefendants' motion to dismiss is granted in part and denied in part.

SO ORDERED this 1st day of September, 2011.

                                                /s/Tom S. Lee
                                                UNITED STATES DISTRICT JUDGE

Case 3:10-cv-00664-TSL-MTP   Document 38   Filed 09/01/11   Page 6 of 6